## A. G. GRAHAM ET AL. v. W. G. KNOWLES ET AL.

APPEAL BY M. A. KNOWLES ET AL. FROM THE COURT OF
COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued January 15, 1891—Decided March 2, 1891.
[To be reported.]

(a) A testatrix, entitled to an interest in land as one of her mother's heirs
at law, subject to the estate by the curtesy of her surviving father, and
having no other estate, made her will, devising and bequeathing to cer-
tain cousins " all my estate, both real and personal, that I shall inherit
as my portion after my father's death."

(b) Twenty-one years after the date of the will, she came into possession
of the land inherited from her mother. Subsequently she conveyed a
part of it, reserving an annual ground-rent, with an agreement to ex-
tinguish the same upon receiving, in lieu thereof, several smaller
ground-rents on subdivisions of the land so conveyed.

(c) In compliance with said agreement, the testatrix accepted from her
grantee an assignment of certain ground-rents reserved by him in con-
veyances to purchasers from himself of subdivisions of the land, and in
consideration thereof she extinguished the original ground-rent, and
died seised of the ground-rents so assigned to her:

1. The testatrix did not die intestate as to any portion of her estate. So
much of the land, inherited from her mother, as she died seised of,
passed under the provisions of her will to the persons therein named as
devisees: Graham v. Grugan, 132 Pa. 79; and the ground-rents assigned
to her, clearly representing a portion of the real estate so inherited,
passed also to said devisees.*

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 18 July Term 1890, Sup. Ct.; court below, No. 176 June
Term 1889, C. P. No. 4.

On May 20, 1889, Annie G. Graham and others, as heirs at
law of Rebecca M. Clark, brought assumpsit for a ground-rent
against Hosmer B. Parsons, filing a statement of claim contain-
ing, in substance, the following averments:

Patrick Lafferty, being the owner in fee of a certain lot of
ground in the twenty-sixth ward, Philadelphia, conveyed the

_____

* Cf. Jacobs' Estate, ante, 268.

Statement of Facts.

same by a deed dated December 5, 1872, to Michael Convery, reserving a yearly ground-rent of $37.50, payable in equal half-yearly instalments. By deed dated December 10, 1873, Patrick Lafferty assigned and conveyed said ground-rent to Rebecca M. Clark, who died seised thereof on February 6, 1887, leaving a will dated January 2, 1847, duly admitted to probate, in the following words :

" First: It is my will that all my funeral expenses and all my just debts be paid.

" All my estate, both real and personal, that I shall inherit as my portion after my father's death, I give and bequeath to my beloved cousins, Dr. William Gray Knowles and his wife Martha Ann Knowles, their heirs George Gray Knowles, Mary Warfield Knowles, Gustavus Warfield Knowles and Louisa Victoria Knowles, their heirs and assigns forever.

" I hereby nominate and appoint Dr. William Gray Knowles Executor, hereby revoking all wills heretofore by me made."

The statement of claim then averred that, by the terms of said will, Rebecca M. Clark died intestate as to all her estate except that part thereof inherited by her as her portion after her father's death, and that the estate undisposed of by her will, including said ground-rent, passed to the plaintiffs as her heirs at law; traced the title to the lot of ground aforesaid from Michael Convery, the grantee in the deed creating said ground-rent, to the defendant Parsons, and stated the demand of the plaintiffs to be for $18.75, six months ground-rent, due July 1, 1888, and $18.75 ground-rent for six months, due January 1, 1889, together with interest on each of said sums from the respective dates mentioned.

The rent sued for having been claimed by William G. Knowles and Martha A. Knowles his wife, it was agreed by all parties, by a writing filed July 11, 1889, that the defendant Parsons should pay into court the sum of $37.50 in discharge of his liability in this suit, and that said William G. Knowles and wife should appear, and the plaintiffs should interplead with them to determine the ownership of said rent. The original defendant having paid $37.50 into court, William G. Knowles and Martha A. Knowles appeared and filed an affidavit of defence, setting forth that they claimed the ground-rents in question as devisees of Rebecca M. Clark, under circumstances averred in the affidavit as follows :

Arguments.

"Sarah L. M. Clark died about the year 1840, intestate, seised of a tract of land of which the premises in question are a part. She left surviving her her husband, Lewis Clark, and six children, of whom Rebecca M. Clark was one, whereby one sixth of the said real estate vested in the said Rebecca M. Clark, subject to the tenancy by the curtesy of the said Lewis Clark.

" The said Lewis Clark died testate in the year 1868, leaving real and personal property, under which will the said Rebecca M. Clark took nothing. . . . .

" In 1869 the children of Sarah L. M. Clark, by mutual deeds of partition, divided a portion of the real estate which had descended to them from their mother ; and a large lot of ground, from a portion of which the ground-rent in question was subsequently reserved, was inter alia allotted as the share and portion of said Rebecca M. Clark.

" On December 4, 1872, for the purpose of getting the ground improved, the said Rebecca M. Clark conveyed this large lot of ground to Patrick Lafferty in fee-simple, and reserved thereout a yearly ground-rent of $601.80, which ground-rent she extinguished by deed to said Patrick Lafferty on December 15, 1873, in consideration of the assignment to her on December 10, 1873, of a number of smaller ground-rents issuing out of parts of the said large lot of ground, and including the ground-rent in question, she having originally agreed to accept these smaller improved ground-rents and to extinguish the said paramount ground-rent of $601.80."

The affidavit then averred the death of Rebecca M. Clark, set out a copy of her will identical with the copy thereof given in the plaintiffs' statement of claim, and denied that she died intestate as to said ground-rent.

A rule for judgment for want of a sufficient affidavit of defence having been made absolute, without opinion filed, Martha Ann Knowles and others, substituted as defendants in the place of William G. Knowles who died pending the rule, took this appeal, specifying that the court erred :

1. In entering judgment for the plaintiffs.

*Mr. E. Cooper Shapley*, for the appellants :
The will in question contains but one disposing clause.

Arguments.

Under the language used, it cannot be said that the testatrix intended to die intestate. We contend that she disposed of all her estate; while the plaintiffs contend that the words, "that I shall inherit as my portion after my father's death," so restrict the disposition that it does not include the ground-rent in question.

1. The general words "all my estate," are not restricted by the subsequent clause. This will was before this court in Graham v. Grugan, 132 Pa. 79, and it was held that the word inherit, used by the testatrix, had no technical meaning, and that the disposition made by the will was not confined to property derived from her father, but that she meant to dispose of that of which she would come into possession after her father's death. Under that decision, the land out of which this ground-rent was reserved would admittedly pass by this will, if it had been owned by the testatrix at her death; but the decision neither limits the broad language of the will to land inherited from her mother, nor intimates that the devise is a specific one. The intention of the testator, and the meaning which he attached to the words used, must be regarded in construing a will: Woelpper's App., 126 Pa. 562; Jodrell v. Jodrell, L. R. 44 Ch. Div. 590; Hill v. Crook, L. R. 6 E. & I. App. 285. It is evident that Miss Clark used the word inherit in the recognized sense of "become possessed of," and meant to give all her estate, all that she should possess.

2. Where a testator gives his property generally by the words "all my estate," or "all my property," and follows it by a description or enumeration of particulars, such description or enumeration does not abridge or cut down the effect of the general words: Bridges v. Bridges, 8 Vin. Abr. "Devise" 295, pl. 13; King v. George, L. R. 4 Ch. Div. 435; affirmed in L. R. 5 Ch. Div. 627; Smyth v. Smyth, L. R. 8 Ch. Div. 561; Hodgsen v. Jex, L. R. 2 Ch. Div. 122; Chapman v. Chapman, L. R. 4 Ch. Div. 800; Hughes v. Pritchard, L. R. 6 Ch. Div. 24; Dean v. Gibson, L. R. 3 Eq. 713; Chalmers v. Storil, 2 Ves. & B. 221; Clark v. Preston, 2 La. Ann. 580; Burnside's Succession, 35 La. Ann. 708. And where the only estate he has is given, it is plain he did not intend to die intestate as to any part of it: Bridges v. Bridges, supra; Hughes v. Pritchard, supra. If the general expressions in the will are to be given full weight, then

Arguments.

they mean, all the testratrix's real and personal estate, and the words which follow merely describe that which will be her estate after her father's death.

3. This is not a specific devise. To be such, it must answer two conditions: (*a*) it must be a part of the testatrix's property, and (*b*) it must be a part as distinguished from the whole: Bothamly v. Sherson, L. R. 20 Eq. 308; Smith's App., 103 Pa. 561. The devise is not a part of the property of the testatrix, but is "all" her estate, "both real and personal." It is not a part as distinguished from the whole; there is no allegation that she had any other estate. She does not name any particular source from which she should "inherit" what she devised to her cousins. The general words are therefore not restricted and the devise is not specific. Courts are averse to construing legacies to be specific, and the intent that they shall be so, must be clear: Le Rougetel v. Mann, 63 N. H. 472; Walker's Est., 3 R. 229; Balliet's App., 14 Pa. 461; Walls v. Stewart, 16 Pa. 281; Ludlam's Est., 1 Pars. 121. Real estate, acquired by a testator after making his will, passes by a general devise, unless a contrary intent appears in the will: § 10, act of April 8, 1833, P. L. 249. If this devise is not specific, it is a general devise; and, as there is no contrary intention manifest on the face of the will, these ground-rents will pass: Roney v. Stiltz, 5 Wh. 385; Mullock v. Souder, 5 W. & S. 198.

*Mr. J. Campbell Lancaster* (with him *Mr. Malcolm G. Campbell* and *Mr. A. Sidney Biddle*), for the appellees:

1. The question is, do these ground-rents answer the description, "estate, real or personal, that I shall inherit as my portion after my father's death?" That they do not, is obvious from the circumstances of their acquisition. Although reserved out of land which the testatrix inherited from her mother, she parted with the land, and she bought the rents from Lafferty as absolutely as though she had used the proceeds of the sale to buy other land. This is not even the case of a ground-rent reserved by herself. The rents being held at her death by purchase and not by inheritance, they do not come within the description of property "that I shall inherit:" Williamson v. Berwicke, 1 Eq. R. 12; Ryall v. Bell, 8 T. R. 583. This one view of the question is sufficient to show that the rents do not

Arguments.

pass by this devise; but we may go more deeply into the matter, and consider the principle of revocation or ademption.

2. Prior to 1833, a devise of all the testator's land was practically a specific devise of the land then owned, and hence if there were any change in the nature of the estate subsequent to the making of the will, the devise was revoked; e. g., if the land was sold, exchanged or conveyed on ground-rent, the purchase money, or the land taken in exchange, or the ground-rent reserved did not pass by the devise : Skerrett v. Burd, 1 Wh. 246; Girard v. Philadelphia, 4 R. 323; Walton v. Walton, 7 Johns. Ch. 258; Knollys v. Alcock, 7 Ves. 558. The act of April 8, 1833, P. L. 249, altered the rule in part, by providing that after-acquired real estate should pass by a general devise; but the act does not render general such devises as are specific in terms, and, as to them, the rule that a change in the nature of the estate revokes the devise, still obtains : Bothamley v. Sherson, L. R. 20 Eq. 304. Cases of ademption are strictly analogous, and it is held that a legacy falls, on a change in the character of the property, irrespective of the testator's intention : Harrison v. Jackson, L. R. 7 Ch. Div. 339; Balliet's App., 14 Pa. 460; Bagot Settlements, 31 L. J. Ch. 722; Watts v. Watts, L. R. 17 Eq. 217; Grant v. Bridger, L. R. 3 Eq. 252; Re Brindle, L. R. 4 C. P. Div. 336; Oliver v. Oliver, L. R. 11 Eq. 506.

3. The appellants contend that the general language of this devise is not restricted by the subsequent clause. This is a very simple method of solving the problem : simply dropping out the troublesome words, and then declaring what remains to be very clear. But the courts are decidedly disposed to give every word in a will its full force and effect, and the phrase, " that I shall inherit," must be given the effect of restricting the devise : Baker's App., 115 Pa. 590; Howe's App., 126 Pa. 233. In Graham v. Grugan, 132 Pa. 79, that phrase was not rejected, but the word, inherit, was regarded as satisfied by the fact that the land there in question was actually inherited by the testatrix from her mother. A description of property by its tenure will confine the devise to what exactly answers the description : 2 Jarman on Wills, 396–398; Griffiths v. Penrose, 9 Jur. 385; Doe v. Brown, 11 East. 441; Quinnell v. Turner, 13 Beav. 240; Leach v. Jay, L. R. 6 Ch. Div. 496.

4. That this devise is in form a specific one, is clearly shown by the reasoning in the following cases: Bothamley v. Sherson, L. R. 20 Eq. 304; Shepherd v. Beetham, L. R. 6 Ch. Div. 597; Page v. Young, L. R. 19 Eq. 506; Capel v. Girdler, 9 Ves. 509; Emmons v. Smith, 2 De G. & Sm. 722; Douglas v. Douglas, Kay 400; Cole v. Scott, 1 MacN. & G. 518; Re Ovey, L. R. 20 Ch. Div. 676. The defendants erroneously infer that it must appear upon the face of the will that there is other property than that embraced in the description given, in order to render the devise specific. However, the expression used in this will indicates, as clearly as though it were said in so many words, that there is other property. Suppose the language were: "All the estate that I shall inherit I give to my cousins; all that I hold by any other title I give to my sisters." Would there be any doubt that these ground-rents would go to the sisters? That is precisely what this will says by what it leaves unsaid. The testatrix presumably had knowledge of the intestate law, and it must be read into her will. When a man dies, his realty devolves upon his heirs, and if he leave a will the question is whether its words are sufficient to defeat the estate already vested in the heirs.

OPINION, MR. JUSTICE STERRETT:

This action was brought by the appellees, as next of kin and heirs at law of Miss Rebecca M. Clark, deceased, against Hosmer B. Parsons, to recover ground-rents issuing out of land now belonging to him, but formerly owned by said decedent.

The rent in controversy having been claimed by the appellants, as beneficiaries under the will of Miss Clark, the defendant Parsons was permitted to pay the same into court, and thereupon issue was joined between the appellees and said claimants, to determine which of them was entitled to the money. The facts upon which the claim of each party to the issue, respectively, is grounded, are set forth in the appellees' statement, and in the affidavit filed by the appellants. In the former, a prima facie case in favor of the appellees is presented, and the question in the court below, as here, is whether that case is successfully met by the averments in the affidavit of defence, which, for the purposes of this case, must be accepted as true. The learned judge of the Common Pleas, being

of opinion that appellants' claim to the money in court was not sustained, entered judgment against them for want of a sufficient affidavit of defence ; and hence this appeal.

It is conceded that the ground-rent security belonged to Miss Clark at the time of her decease in February, 1887, and if the same was disposed of by her will made in January, 1847, the judgment should have been in favor of appellants, who claim under the only dispositive provision contained in said will, which is as follows, viz.:

" All my estate, both real and personal, that I shall inherit as my portion after my father's death, I give and bequeath to my beloved cousins, Dr. William Gray Knowles and his wife, Martha Ann Knowles, their heirs George Gray Knowles, Mary Warfield Knowles, Gustavus Warfield Knowles, and Louisa Victoria Knowles, their heirs and assigns forever."

This testamentary provision was before this court for construction in Graham v. Grugan, 132 Pa. 79. In that case, as in this, it appeared that the testatrix was one of six children of Mrs. Sarah L. M. Clark, who, about the year 1840, died intestate, seised of certain real estate which descended to her said children subject to the tenancy by the curtesy of her surviving husband, who died in 1868. In 1869, the children of Mrs. Clark, by mutual deeds of partition, divided a portion of the real estate which descended to them as aforesaid, and the premises in controversy, in the case above cited, inter alia, were conveyed in severalty to the testatrix, Rebecca M. Clark. The action of ejectment was brought by the heirs at law against those in possession under the devisees named in the paragraph of her will above quoted. The only question was whether the premises in controversy passed under the will. It was held that they did; that the provisions of the will were applicable to the testatrix's share of the real estate which descended to her from her mother, and which at the time was owned by her, and not to that which she possibly might inherit subsequently from her father.

In principle, that case is substantially the same as the one now under consideration. The fact that the subject of dispute in this case is the ground-rent, while in the former case it was the possession of part of the land inherited by testatrix from her mother, can make no difference. It clearly appears by the

Opinion of the Court.

averments contained in the affidavit of defence that the ground-rent represents a portion of the real estate so inherited.

In the partition above referred to, a lot of ground out of a part of which the rent in question issues, was conveyed in severalty to testatrix. In 1872, for the purpose of improving the lot, she conveyed the same to Patrick Lafferty, reserving thereout an annual ground-rent of $601.80 ; and, pursuant to agreement made at the time the ground-rent was created, she afterwards extinguished it, and in lieu thereof accepted several smaller ground-rents, including that in controversy, on subdivisions of said lot, which in the meantime had been improved. The ground-rents thus created and acquired were owned by her at the time of her decease, and passed by her will to the devisees therein named, just as did the land which was the subject of dispute in Graham v. Grugan, supra. It was never intended that the will should operate only on what the testatrix might inherit from her father; on the contrary, as was held in the case above cited, she evidently intended to dispose of all her " estate, both real and personal." By the words, " that I shall inherit as my portion after my father's death," she must have meant property into the actual possession and enjoyment of which she would come at the decease of her father. The word " inherit " was not used in a technical sense. It often means " to become possessed of ; " and in that sense it was doubtless employed by the testatrix. In the language of her will, what she gave was, " all my estate, both real and personal." The generality of these words was not intended to be restricted by the explanatory words used to indicate the time when she would come into the actual possession and beneficial enjoyment of the only property that was then subject to her testamentary disposal.

It follows from what has been said, that the testatrix, Miss Clark, did not die intestate as to any part of her estate, either real or personal ; and hence the ground-rent in question passed under the provisions of her will to the devisees therein named. The learned court therefore erred in entering judgment for want of a sufficient affidavit of defence.

Judgment reversed, and record remitted.

On May 25, 1891, a motion for a re-argument, filed on be-

half of the appellees, was refused, the principal ground alleged therefor being in substance as follows:

That the opinion filed indicated that the ground-rent in controversy was reserved by Sarah Clark, the mother of testatrix, and as such inherited by the latter, and, therefore, an inherited ground-rent was the same in principle as an inherited portion of land, and the position of the appellees the same as in Graham v. Grugan, 132 Pa. 79, that the will operated only on what testatrix took from her father. But the facts were, as disclosed by the statement and affidavit of defence, that the ground-rent was never inherited at all, and the land inherited was sold and the ground-rent purchased by testatrix thirty years after her mother's death, thirty-five years after testatrix made her will, and five years after her father's death; so that it did not come within the clause explanatory of the time when she was to come into possession and beneficial enjoyment of the only property that was then subject to her testamentary disposal.

OPINION, MR. JUSTICE STERRETT:

We adhere to the opinion heretofore expressed, that, under the will of Rebecca M. Clark there was no intestacy as to the ground-rent in controversy, and hence the plaintiffs who claim as her next of kin and heirs at law have no case. It was not intended that our judgment should rest on any other ground than that all the real and personal estate, of which testatrix died seised or possessed, passed by her will to William Gray Knowles and others, sole beneficiaries therein named. If the gift to them had been specific, as claimed by plaintiffs, and restricted to the property which testatrix acquired by descent from her mother, the result would have been different; but that, we think, cannot be regarded as the proper construction of the will, the operative words of which are "all my estate both real and personal." The generality of these words is not restricted by anything that appears in the context.

Motion for re-argument denied.