## Johnson Estate

*H. James Sautter*, for accountant.

*William H. Rivoir, Jr.*, and *Barrett Goodwin Tawresey*, for William Embick and Ruth Mooney, claimants.

*Donald E. Hogéland* for *C. Wilson Roberts*, for estate of residuary legatee.

LEFEVER, J., March 31, 1952.—John L. Johnson died October 10, 1929, and the trust arises under the second item of his will, by which he bequeathed the sum of $23,000 in trust, the income to be paid to his widow, Elizabeth I. Johnson, for life, with remainders as set forth in the statement of proposed distribution and as hereinafter discussed.

The reason for filing the account, as set forth in the statement of proposed distribution, is the death of Elizabeth I. Johnson, life tenant, on July 9, 1951, in consequence of which the trust has terminated by its terms.

By the second item of the will, testator directed the trustee to pay the net income to his wife, Elizabeth, "during her lifetime". He then provided:

"Upon the decease of my wife I will and direct that the said sum of Twenty-three Thousand Dollars ($23,-000.) be distributed as follows:

"I give and bequeath unto my sister, Anne Johnson, the sum of Ten Thousand Dollars ($10,000.).

"I give and bequeath unto my sister, Alice L. Johnson, the sum of Ten Thousand Dollars ($10,000.).

"In the event that either of my sisters pre-decease me then I direct that the entire sum of $20,000. be paid unto the surviving sister."

By the third item of his will, testator named his wife as his residuary legatee.

1. Disposition of the Legacies to the Sisters.—Both sisters named as legatees in the second item of the will survived decedent but died within the lifetime of life tenant. Anne died October 19, 1932, and Alice January 17, 1939. Elizabeth, life tenant, died July 9, 1951.

(a) Vested or Contingent.—It is contended that the legacies to the sisters were contingent and that in consequence of their deaths before life tenant their two legacies fail and pass to the residuary legatee.

It is fundamental that the intention of testator, as expressed in his will, is the pole star by which testamentary interpretation is to be guided. An examination of the language of decedent does not support the contention that a conditional or contingent gift to the sisters was intended.

The phrase, "upon the decease of my wife I will and direct that the said sum . . . be distributed", is not the imposition of a condition of survivorship. of the legatees to that date. It is merely the making of a provision for the disposition to be made in view of the fact that by the first paragraph of the second item the trust was to last only for the "lifetime" of the wife.

That no contingency was intended, is further seen from the express provision made by testator in the event that a sister should predecease him. In that event, he expressly provided that the surviving sister should receive the full $20,000. It is manifest that if testator was sufficiently aware of the mortality of his sisters as to provide for their individual deaths

within his lifetime, he must have recognized the possibility of their deaths within the lifetime of life tenant. The provision of a substitutionary gift in the case of a death within his lifetime, and his silence as to any disposition in the case of the death of the sisters during the lifetime of life tenant, indicate that he did not intend that the death of a sister *after* his death should affect the legacy which he had bequeathed.

The fact that the widow was made the residuary legatee is not sufficient basis for a conjecture of an intention on the part of testator that the widow should receive the legacies in the event of the death of the sisters during her lifetime. Had testator so intended, he would no doubt have been as explicit as he was in the case of the death of a sister within his lifetime.

The case is, therefore, governed by the principle that a remainder interest given to a named individual in being when the will takes effect is a vested remainder which is not defeated by the death of the remainderman prior to the termination of the preceding life estate. This rule of construction has particular force where, as here, no provision is made by testator for a gift over upon the death of the remainderman: 2 Hunter's Pennsylvania Orphans' Court Commonplace Book, p. 1338, et seq., sec. 6. See particularly Phillips' Estate, 56 D. & C. 110. Even if the will should be interpreted as not indicating any intention of testator, the case would still be controlled by the presumption in favor of vested remainders: 2 Hunter's Orphans' Court Commonplace Book, p. 1328, et seq., sec. 1.

It is, therefore, held that the legacies to testator's sisters were vested remainders.

It is noted that the widow of decedent by her will purported to bequeath the principal of the $23,000 trust fund. Her attempt to do so is, of course, not a

construction by decedent of his will, and does not alter the conclusion above reached.

(b) Devolution of Legacies to Testator's Sisters.— Testator's sister Anne died October 19, 1932. By the third paragraph of her will, she bequeathed her estate to her sister Alice, who died January 17, 1939, and she, by her will, bequeathed, or purported to bequeath, both $10,000 legacies to William H. Embick and Harry T. Mooney, hereinafter called "claimants". It is noted that Mooney has died and his claim is now asserted by his widow, who is also his executrix. The wills of both sisters have been duly probated, and certified or exemplified copies thereof have been submitted to the court and are attached hereto and made part of the record.

Claimants contend that, by virtue of devolution under the wills of the two sisters, the sum of $20,000 is now distributable directly to them.

By her will, Anne bequeathed her entire estate to her sister, Alice. The latter, writing her will on March 13, 1933, provided by the thirteenth item:

"Whereas my deceased brother, John L. Johnson, by his last will and testament gave and bequeathed the sum of Twenty Thousand Dollars ($20,000.00) unto me, provided that his widow and my sister-in-law, ELIZABETH I. JOHNSON, predecease me; now, therefore, I do hereby will, order and direct that in the event that I become entitled to the said sum of Twenty Thousand Dollars ($20,000.00), or any part thereof from the estate of my so deceased brother, John L. Johnson, as directed by his will, then and in that event, I order and direct that the said sum of Twenty Thousand Dollars ($20,000.00) or any part thereof, shall be paid to WILLIAM H. EMBICK, of Philadelphia, and HARRY T. MOONEY, of Burlington, New Jersey, share and share alike, absolutely."

In view of the fact that Alice made this will six months after her sister's death, it is apparent that she realized that she would receive $20,000, which had originated in testator's estate. The fact that she erroneously recited that she was to receive the entire $20,000 directly from his estate is not effective to destroy her primary intention that the $20,000 which she was to receive was bequeathed by her to claimants. The bequest to claimants was not conditioned upon the correctness of the recital, and the error in the recital does not invalidate the bequest: Sheldrake's Estate, 308 Pa. 542. Likewise, the fact that she incorrectly described the method by which she would acquire the $20,000 does not affect the bequest: Graham v. Grugan, 132 Pa. 79; Graham v. Knowles, 140 Pa. 325.

It is, therefore, held that the will of Alice effectively bequeaths to claimants both the $10,000 legacy which would have been received by Anne if alive at the death of life tenant and the $10,000 legacy which would have been received by Alice had she then been alive.

There has been submitted to the court an affidavit, from which it is found as a fact that there is presently no personal representative of the estate of either of the deceased sisters; that there are no assets of their respective estates other than the present legacies to which those estates would be entitled; and that all debts, taxes and legacies due from those estates have been paid. In view of these circumstances, and the fact that more than six years have elapsed since the death of each sister, the legacies will be awarded directly to claimants rather than to the personal representatives of the estates of the respective deceased sisters, subject to such taxes as would be due if the legacies were awarded to such personal representatives.

2. Distribution of Surplus Trust Corpus.—By his will decedent directed the creation of a $23,000 trust fund. The account now pending before the court reveals that the principal of the fund has appreciated so that the balance now available for distribution is $24,688.14. No express provision is made in the will for the distribution of the amount in excess of $23,000. On behalf of the remaindermen to whom the $23,000 is distributable, it is contended that the surplus is to be divided pro rata in proportion to the amount of their respective legacies. On behalf of the estate of the widow of testator, it is claimed that the surplus should pass by the residuary clause of testator's will to his wife, and now to her estate.

In support of the contention of a pro rata distribution to the remaindermen is cited the adjudication filed March 14, 1951, by the late President Judge Sinkler of this court in the Estate of A. Raymond Raff (no. 2405 of 1949). In that estate, a $10,000 trust was established for a granddaughter, who was to be paid $2,500 at the age of 21 years, and the remainder at a later date. The trust fund appreciated, and the question was presented whether the distribution at the age of 21 was to be limited to $2,500, or whether it should be the sum represented by one fourth of the appreciated corpus. It was held that a distribution of one fourth was proper, as decedent in that case was primarily concerned with maintaining a distribution ratio rather than with specifying a particular amount.

That adjudication is not, however, controlling in the instant case, for in the Raff Estate there was no claim made, nor could any have been made, that the beneficiary of the trust was not entitled to the surplus. The only question considered was *when* the beneficiary should receive the surplus. This is a problem different

from that of whether the beneficiary is entitled to the surplus at all or whether it should be given to other persons.

The contention for a pro rata distribution is rejected. There is no provision in the will suggesting such a contention. Had testator so intended, it would have been a simple matter for him so to provide. Instead, he merely stated that each of the four remaindermen should receive a specific amount, and said no more. The surplus fund is, therefore, not disposed of by the trust provision, and reverts by way of a resulting trust to testator's estate, whence it then passes by way of the residuary clause of his will to his widow, and now to her estate.

It is, therefore, held that the surplus principal fund in excess of $23,000 is distributable to the personal representative of the estate of decedent's widow.