## EDWARD M. HARRIS et al., vs. OLIVER DYER.

By a holographic will dated March 9, 1877, a testator bequeathed to his wife a
sum of money and other personalty, and in the same clause disposed of his re-
siduary estate as follows : " The residue of my property or estate which I may
possess at the time of my death, I give and bequeath to my children, in six equal
shares, as follows :—one sixth part to my daughter, A. H. T., wife of my dear
Friend W. T., one sixth part to my daughter F. T. H., the wife of my friend
H. H., one sixth part to my son H. T., one sixth part to my son C. T., one sixth
part to my son E. M. T., and one sixth part to my son R. S. T.; in case of the
death of my wife and my survival of her, then the amount which I had as above
devised to her, shall be divided among her surviving children or the lawful heirs
of her children, in equal portions, and also in case of the death of any of the six
named heirs to the residue of my estate, without leaving lawful issue, then the
survivors will inherit the portion of the deceased party, but in case of the death
of any one of the six parties named leaving lawful issue, then they are to in-

herit the parent's portion." The six named devisees survived the testator. Some of them have children, two of whom were born prior to the date of the will.

*Held*, that the devise is to be construed as meaning that the alternative gifts over to survivors or issue in case of the death of any of the six named devisees were to take effect only in the event the death occurred in the testator's lifetime.

*Held*, further, that the testator's children named as devisees took their respective shares in the devised estate in fee.

BILL IN EQUITY for specific performance.    On demurrer.

*April* 5, 1894, MATTESON, C. J.    This is a bill for the specific performance of a contract for the sale of real estate.

The complainant Amy A. Harris, derived title by warranty deed to the tract of land which is the subject of purchase and sale, one half from Henry M. Taber, and the other half from the complainants, Adelaide Horner Toel, Florence Taber Holt, Robert Schell Taber, Charles Taber, Henry Taber and Edward Martin Taber, who were the children of Charles C. Taber, deceased, and the devisees named in his last will and testament. The clause of the will in which the devise is contained and which is material to the present inquiry is as follows :—

"First, after my lawful debts are paid I give and bequeath to my dear wife, Cornelia Francis Martin Taber the sum of Twenty Five Thousand Dollars ($25,000) in lieu of her right of dower in my estate and also bequeath to her all my interest in any household furniture, paintings, silver, &c. The residue of my property or estate which I may possess at the time of my death, I give and bequeath to my children, in six equal shares, as follows :—one sixth part to my daughter, Adelaide Horner Toel, wife of my dear Friend William Toel, one sixth part to my daughter Florence Taber Holt, the wife of my friend Henry Holt, one sixth part to my son Henry Taber, one sixth part to my son Charles Taber, one sixth part to my son, Edward Martin Taber, and one-sixth part to my son, Robert Schell Taber; in case of the death of my wife and my survival of her, then the amount which I had as above devised to her, shall be divided among her surviving children or the lawful heirs of her children, in equal portions,

and also in case of the death of any of the six named heirs to the residue of my estate, without leaving lawful issue then the survivors will inherit the portion of the deceased party, but in the case of the death of any one of the six parties named leaving lawful issue, then they are to inherit the parent's portion."

The will is dated March 9, 1877. At that date the said Adelaide Horner Toel was married and had two children, born respectively, July 19, 1874, and December 19, 1876, both of whom are now living; the said Florence Taber Holt was married, but had no child; she now has one child, born July 18, 1889; the said Henry Taber was married, but had no child; he now has three children, born respectively, May 18, 1887, February 12, 1889, and April 30, 1891, all of whom are now living; the said Robert Schell Taber, Charles Taber and Edward Martin Taber have never been married.

The respondent has demurred to the bill on the ground that the complainants Harris are not able to make a good title to the one half of the land conveyed to the said Amy by the devisees under the devise above set forth.

There have been a number of cases of devises where a gift to one in fee has been followed by a gift over in case the devisee die with or without issue, in which the event of death has been referred to the life time of the testator. *Lifford* v. *Sparrow*, 13 East, 359; *Clayton* v. *Lowe*, 5 Barn. & Ald. 636; *Gee* v. *Manchester*, 17 Q. B. 737; *Ware* v. *Watson*, 7 DeG., McN. & G. 248; *Rogers* v. *Rogers*, 7 Weekly Rep. 541; *Caldwell* v. *Skilton*, 13 Pa. St. 152; *Fahrney* v. *Holsinger*, 65 Pa. St. 388; *Hancock's Estate*, 13 Phila. 283; *Mickley's Appeal*, 92 Pa. St. 514; *Stevenson* v. *Fox*, 125 Pa. St. 568; *Barrell* v. *Barrell*, 38 N. J. Eq. 60; *Burdge* v. *Walling*, 45 N. J. Eq. 10; *Murchison* v. *Whitted*, 87 N. C. 465. This construction has been adopted to avoid repugnancy, inasmuch as the alternative limitations over, if not so qualified or restricted, would reduce the prior devise from a fee to a life estate. It is based on the obvious reason that if the testator had intended to give only a life estate in the

first instance he would have said so in the terms of the gift itself.

If, then, in the case at bar, the testator's intent that the primary gifts to his children should be in fee is sufficiently manifest, the case is brought within the rule laid down in the authorities cited which limits the event of death to the testator's lifetime. We think that the testator's intent is sufficiently manifest. The gift is of the residue of the testator's estate. It is never to be presumed that the testator intended to die intestate as to any part of his property. Though the devise contains no words of limitation, the word "estate," as is well understood, has frequently been held broad enough, unless restrained by the context, to pass a fee. In the devise before us there is nothing in the context to restrict its effect; on the contrary, by the terms of the gift over, the survivors or issue, as the case may be, are to take the portion of the deceased party or parent; so that, if the survivors or issue are to take in fee the portion of the deceased, it necessarily follows that the deceased from whom that portion is to be taken, must also have taken in fee; and unless the children or the survivors of them or issue are to take in fee, the testator will have died intestate as to the remainder in fee, a construction which is not to be adopted if it can reasonably be avoided.

Moreover, Pub. Stat. R. I. cap. 182, § 5, provides that " Whenever any real estate shall be devised without words of limitation, such devise shall be construed to pass the fee simple or other the whole estate or interest which the testator had power to dispose of by will in such real estate, unless a contrary intention shall appear by the will." It is suggested that a contrary intention does appear in the present will because of the gifts over. If, however, the purpose of the gifts over, as we think, was merely to guard against the possibility of a lapse by the death of the primary devisee in the testator's lifetime, such purpose would not be inconsistent with the taking of the fee by the primary devisee, and the contrary intention which would prevent the operation of the statute does not appear in the will.

The construction which refers the event of death to the testator's lifetime is strengthened in the present case by the fact that the gifts over on the death of the children are closely connected, being in the same clause, with that on the death of the wife, which is expressly predicated on the testator's survival of her.

The strongest objection, perhaps, to the construction that the word death is to be referred to the testator's lifetime, is the use of the word "inherit" in the gifts over; since it may be argued by the use of this word, the testator must, necessarily, have contemplated that the taking by the survivors or issue of the primary devisees was to be subsequent to his own death; for the survivors could not *inherit* the portion of the deceased party, nor the issue the parent's portion, unless the deceased party or parent, had first taken such portion under the devise, and that could not be until after the devise had taken effect on the death of the testator and the probate of his will. The will, however, was holographic, prepared, doubtless, without professional aid, a fact which probably explains the absence of words of limitation in the devise, and which leads us to suppose that the word inherit was not used in its strict sense of taking by descent, but merely as equivalent to take; indeed, in its strict sense of taking as heirs by descent, the word inherit would be wholly inappropriate to a devise. In *Gee* v. *Manchester*, 17 Q. B. 737, the language of the gift over was as follows:—"And, in case any of my sons and daughters die without issue, that their share returns to my sons and daughters, equally amongst them; and, in case any of my sons and daughters die and leaving issue, then they take their deceased parent's share, share and share alike." The use of the word *returns* in the gift over to the surviving sons and daughters would seem to have implied that the deceased son or daughter, from whom the share was to return to the survivor, should have already taken it under the devise; but the circumstance was not adverted to by the court as affecting the construction.

We are of the opinion that the complainants Edward M.

Harris and Amy A. Harris, his wife, can make a good title
to the one half of the land conveyed to the said Amy by the
devisees under the devise in the will of Charles C. Taber
above set forth, and, therefore, that the demurrer should be
overruled.

*James Tillinghast*, for complainants.

*William R. Tillinghast*, for respondent.