(26 Misc. Rep. 16.)

### DONALD v. FORGER et al.

(Supreme Court, Appellate Term. January 23, 1899.)

CONTRACTS—GUARANTY.

The signers of a paper "pledged" themselves that the beneficiary should "inherit" a certain sum from a certain one of them within 30 days of his death. *Held* that, though this sum was to be a claim against the estate of the decedent, the others were bound individually for its payment.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Clara Frey Donald against William Forger and others. There was a judgment for plaintiff, and defendants appeal. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Benjamin Baker, for appellants.

Hart & Hopkins, for respondent.

GIEGERICH, J. This action was founded upon a certain writing, the exact wording of which was as follows:

"This indenture, with the approval of myself and my family, is to acknowledge that Clara Donald (née Frey) is now in my employ for the past six years and 3 months, and has fulfilled her duties to my entire satisfaction. Should my death occur soon, or at any time, and the said Clara Donald (née Frey) is still in my employ, then my wife, Wilhelmina Schwarz (née Bremer), my daughter, Elizabeth Forger (née Schwarz), and my son-in-law, William Forger, will pledge themselves, according to agreement, that Clara Donald (née Frey) shall inherit five hundred dollars ($500.00) in legal tender of my money inside of thirty days after my death. For which the said Clara Donald (née Frey) pledges herself not to leave my wife suddenly, but to assist her in all business transactions for a weekly salary, the same as the last she had before my death, to the best of her ability and knowledge, for three months after my death, if my wife so desires. Should the said Clara Donald (née Frey) still be in my employ three years after the above date, and she then wishes to marry, I will pay her personally the above sum, instead of an inheritance, about eight days after her marriage.

"In agreement to the above we herewith affix our signatures.
    "[Signed]              .         Elizabeth Forger.
                                    "William Forger.
                                    "Manna Schwarz, gb. Bremer.
                                    "E. F. Schwarz.
"New York, May the 25th, 1896 (eighteen ninety-six)."

The defendants, while admitting the plaintiff's performance of the agreement, assail the recovery upon the ground that they were not individually bound by the contract, and that the claim, therefore, is one which should be determined in an action against the estate of the late E. F. Schwarz, who has, since the execution of said instrument, departed this life.

Stripped of its attempted legal embellishments, the writing quoted merely embodied a promise by the defendants that the plaintiff should receive $500 within 30 days after Schwarz's death, there being an express guaranty of payment from the estate within that time. This payment was not made, and for the resulting liability of the guarantors the judgment was properly rendered. The word "inherit," if used in the instrument in a strictly legal sense, was utterly meaningless, since the expression, when confined to the definition as accepted in law, is applicable only to a right of possession as vested in a lineal heir. 1 Bouv. Law Dict. [Rawle's Revision] p. 1037; Stand. Dict., ad verb. Surely the plaintiff's transformation could not be effected by means of this paper, nor could the parties thereto have intended to have made her a legatee, inasmuch as they, by their own convention, had no such power vested in them, even though they "pledged" themselves by all the important words in their vocabulary.

Construing the contract with a view to the natural understanding of the parties, it is evident that the plaintiff was to receive the sum stated as a recognized claim against the estate, and that the defendants bound themselves individually for its payment within 30 days after it became due. Consideration for the defendants' promise is found in the plaintiff's performance of her part of the agreement, in reliance upon its good faith; and, the condition of the guaranty having arisen, viz. the death of Schwarz, the plaintiff's performance, and nonpayment by the estate, though solvent, the action was maintainable.

For these reasons, the judgment should be affirmed, with costs. All concur.

