MARY A. KOHL, Appellant, v. FRANK W. FREDERICK *et al.*

**Ante Nuptial Contract:**    CONSTRUCTION:   *Dower and inheritance.*
An antenuptial oral contract, properly evidenced by a written contract, executed after marriage, recited that in the case of the death of either of the parties the survivor should not inherit any claim, right or interest in the estate of the deceased. Both parties had living children by former marriages at the time of the execution of the contract. The uncontradicted testi-

mony of the notary executing the instrument showed that he was requested by both parties to draw a contract which would show that each of the parties before marriage had released all claim or right of every kind in the estate of the other. *Held*, that the contract not only excluded the wife from taking any interest as heir in the estate of the husband, but also excluded her from taking a dower interest therein, as a strict construction of the word "inherit" would render the contract inoperative.

TECHNICAL TERMS: *Parol variance.* Where a contract is drawn by a layman, and a strict technical construction of the word used therein would render the contract inoperative, parol evidence is admissible to show that the word was used in a different sense, or that it has a popular meaning.

*Appeal from Linn District Court.*—HON. W. N. TREICH-LER, Judge.

SATURDAY, FEBRUARY 1, 1902.

ACTION in equity to establish and have set aside to her the plaintiff's distributive share of her deceased husband's estate. Judgment for the defendants, from which the plaintiff appeals.—*Affirmed.*

*Jamison & Smyth* for appellant.

*Farber & Johnson* and *Hubbard, Dawley & Wheeler* for appellees.

SHERWIN, J.—The plaintiff and William Frederick were married July 3, 1884. They had both been married before, and both then had children living. After their marriage they signed a written memorandum, the material part of which is as follows. "Whereas on the third day of July, A. D. 1884, we, William Frederick and Mary A. Huffer, of the county of Linn and state of Iowa, were joined in solemn wedlock as man and wife, and each of us having estates in our own right, and also

lawful heirs at law:  Now therefore we, William Frederick and Mary A. Frederick, formerly Mary A. Huffer, have agreed before marriage, and do now agree, that in consideration thereof, that in case of the death of either of us the parties herein named should not inherit any claim, right, or interest in or to any estate of the other."  The plaintiff in this action seeks to have her distributive share of her husband's estate under the statute set aside to her.  The defendants plead an antenuptial oral agreement evidenced by the written memorandum set out above as a bar to the plaintiff's claim.  That an antenuptial oral agreement as to property rights may after marriage be evidenced by a written memorandum, which is competent as between the parties, is practically conceded by the appellant, and is well settled by the authorities.  Browne, Statutes Frauds (5th Ed.) section 224; *Claypool v. Jaqua,* 135 Ind. Sup. 499 (35 N. E. Rep. 285); *Buffington v. Buffington,* 151 Ind. Sup. 200 (51 N. E. Rep. 328).  It is urged, however, that the word "inherit" used therein must be given its strict technical meaning and that when so construed the memorandum itself does not show a contract affecting the plaintiff's right under the statute, and that it is not competent to show by parol evidence the meaning given the word by the parties themselves.  The memorandum was not drawn by a lawyer; it was drawn by a notary public, and at the instance of both parties, and was signed by both of them in his presence.  On the trial he testified, without contradiction by the plaintiff or by any one else, that he was requested by both parties to draw an instrument which would show that they had both before marriage orally relinquished all claim or right of any kind to the estate of the other following their marriage.  The intention of the parties to a contract is of course always to be sought, and if the language used, though technical, is applicable to the then condition of the parties, so that by giving it its technical meaning the contract may

be given force, parol evidence cannot be received to show a different intention on the part of the makers thereof. But where, by giving a word its strict techical legal meaning, a contract will be rendered entirely meaningless, it is competent to show by parol the sense in which it was used, if it is used by laymen in a different sense, or has a popular or common meaning, if by doing so the contract may be given force and effect. Stephen Digest Evidence, 168; Greenleaf, Evidence (13th Ed.) section 295, and note 1; *Ditson v. Ditson,* 85 Iowa, 276; *Pitkin v. Peet,* 87 Iowa, 268; *Hamill & Co. v. Woods,* 94 Iowa, 246; *Mann v. Taylor,* 78 Iowa, 355; *Barrett v. Insurance Co.,* 99 Iowa, 637. In this case both parties had property and children. The plaintiff could acquire no right of inheritance after marriage, for her right to a share of his property was that of a wife only. To construe the word "inherit" strictly, will deprive the contract of all force, and leave it a mere nullity, while to say that it was intended by the parties to mean "take" or "have" makes—what they certainly intended—a valid contract. The evidence of this intention is overwhelming. This conclusion is not in conflict with the rule announced in *Walt v. Cranberry Co.,* 63 Iowa, 730; *Vaughn v. Smith,* 58 Iowa, 553. In *Elwell v. Walker,* 52 Iowa, 256, the rights of creditors were involved, and the holding was based thereon. With this view of the antenuptial contract it is unnecessary to consider the question whether there was an election by the plaintiff to take under the will.

The judgment is AFFIRMED.