[No. 6084. Decided March 19, 1906.]

*In the Matter of the Estate of* WILLIAM WELLINGTON WHITE, *Deceased.*

THE STATE BOARD OF TAX COMMISSIONERS, *Respondent,* v. STEPHEN B. WHITE *et al., as Executors, Appellants.*[1]

TAXATION — OF INHERITANCES — STATUTES — TITLE — SUFFICIENCY. The title of Laws 1901, p. 67, which is confined to the taxation of "inheritances," is sufficiently broad to include a tax on the right of succession by will as well as by operation of law; since inheritance is commonly so employed in this connection.

Appeal from an order of the superior court for King county, Griffin, J., entered February 10, 1906, directing the payment of an inheritance tax by the executors of a will. Affirmed.

*Chas. F. Munday,* for appellants, contended *inter alia,* that the word "inheritance" should be construed according to its common law sense. Sutherland, Statutory Construction, p. 327, § 247; *Estate of Donahue,* 36 Cal. 329. But when the title is restrictive and confined to a special feature of a particular subject, the natural inference is that other features of the same general subject are excluded. *Fidelity Ins. Co. v. Shenandoah Val. R. Co.,* 86 Va. 1, 9 S. E. 759, 19 Am. St. 858; *Armour & Co. v. Western Const. Co.,* 36 Wash. 529, 78 Pac. 1106; *Percival v. Cowychee etc. Irr. Dist.,* 15 Wash. 480, 46 Pac. 1035. The title of an act can contain no valid provision beyond the range of the subject. Sutherland, Statu-

[1]Reported in 84 Pac. 831.

tory Construction (1891), §§ 87, 102; Cooley, Const. Lim. (5th ed.), p. 179; *Mewherter v. Price,* 11 Ind. 199; *State ex rel. Seattle Electric Co. v. Superior Court,* 28 Wash. 317, 68 Pac. 957; *Matter of Paul,* 94 N. Y. 497; *Howard v. Schneider,* 10 Kan. App. 137, 62 Pac. 435; *People v. Gadway,* 61 Mich. 285, 28 N. W. 101, 1 Am. St. 578; *State ex rel. Turner v. Coffin* (Idaho), 74 Pac. 962; *State v. Township Committee* (N. J. L.), 14 Atl. 587; *Allen v. Com'rs of Taxation,* 57 N. J. L. 303, 31 Atl. 219; *Cooper v. Springer,* 65 N. J. L. 594, 48 Atl. 605; *Watson v. State* 140 Ala. 134, 37 South. 225; *Watkins v. Bigelow,* 93 Minn. 210, 100 N. W. 1104.

*The State Board of Tax Commissioners, pro se.*

RUDKIN, J.—This is an appeal by the executors of the will of William Wellington White, deceased, from an order of the probate department of the superior court, directing the executors to pay to the state treasurer the sum of $166.13, pursuant to the act of March 6, 1901, Laws of 1901, page 67, commonly known as the "Inheritance Tax Law." The validity of that act, as applied to testamentary dispositions, is the only question presented on this appeal.

Section 1 of the act provides that all property within the jurisdiction of this state, and any interest therein, whether belonging to the inhabitants of this state or not, and whether tangible or intangible, which shall pass by will or by the statutes of inheritance of this or any other state, or by deed, grant, sale or gift, made or intended to take effect in possession or enjoyment after the death of the grantor or donor, to any person in trust or otherwise, shall, for the use of the state, be subject to a tax as provided in § 2 of the act. It will thus be seen that the act imposes a tax on the right of succession, whether the property passes by will, by operation of law, or by grant or gift to take effect in possession or enjoyment upon the death of the grantor or donor. The title of

the act is as follows: "An act relating to the taxation of inheritances and providing for disposition of same," and the appellants contend that the title is not broad enough to sustain the provision imposing a tax upon property which passes by will or otherwise than by operation of law.

The word "inheritance" is no doubt properly confined to lands and tenements which pass by descent or by operation of law, but in popular use this distinction is often disregarded, and this is especially true in succession or inheritance tax laws. The terms "inherit," "inheritance," and "inheritance tax law," have thus been defined by lexicographers: Century Dictionary: "Inherit. In law it is used in contradistinction to acquiring by will, but, in popular use, this distinction is often disregarded. . . . 3. To receive by transmission in any way; have imparted to or conferred upon; acquire from any source. Inheritance. . . . 4. A possession received by gift or without purchase; a permanent possession. 5. Possession; ownership; acquisition. Inheritance Tax Law. A statute imposing a tax on those acquiring property by inheritance or will; sometimes taxing only collateral relatives and strangers, in such case commonly called collateral inheritance tax law." Webster's Unabridged Dictionary: "Inheritance. . . . 4. A possession received by gift or without purchase." Bouvier: "Inheritance. In civil law—the succession to all the rights of the deceased. It is of two kinds—that which arises by testament when the testator gives his succession to a particular person, and that which arises by operation of law, which is called succession *ab intestat.*" In contracts and wills the term "Inherit," is often construed to mean "to take," "to have," "to receive," or "to become possessed of." *Kohl v. Frederick,* 115 Iowa 517, 88 N. W. 1055; *Donald v. Forger,* 26 Misc. Rep. 16, 55 N. Y. Supp. 579; *Harris v. Dyer,* 18 R. I. 540, 28 Atl. 971; *Graham v. Knowles,* 140 Pa. St. 325, 21 Atl. 398.

In revenue laws the term "inheritance tax" is almost uni-

versally employed to designate or describe a tax on the right of succession whether by operation of law, by will, or by grant. Thus, the title of the Pennsylvania act is as follows: "An act to provide for the better collection of collateral inheritance taxes." Laws of Pennsylvania, 1887, p. 79. The title of the Maine act is, "An act to tax collateral inheritances." Laws of Maine, 1893, chap. 146. The title of the Ohio act is, "An act imposing a collateral inheritance tax." Laws of Ohio, 1893, chap. 14. "An act to impose a direct inheritance tax." Laws of Ohio, 1894, p. 166. All these acts, and others that might be cited with similar titles, contain provisions imposing a tax on devises and grants and gifts to take effect upon the death of the grantor or donor. These acts are not cited as authority to sustain the validity of the act in question, but for the purpose of showing the general and common use of the word "inheritance" in this connection. We are therefore of the opinion that the title of the act is broad enough to sustain the provision imposing a tax on the right of succession by will, as well as by operation of law.

The judgment of the court below is affirmed.

MOUNT, C. J., CROW, HADLEY, FULLERTON, ROOT, and DUNBAR, JJ., concur.