## *In re* FOX'S ESTATE.

### ON REHEARING.

1. EXECUTORS AND ADMINISTRATORS — ESTATES OF DECEDENTS — DISTRIBUTION OF PERSONAL ESTATE.

   The net personal estate for distribution consists of the personal property of the deceased after all debts and expenses, including debts secured by mortgage upon real estate of the deceased, have been deducted.

2. TAXATION—INHERITANCE TAX—DEDUCTION OF MORTGAGE DEBT —PROBATE OF ESTATES.

   The amount of personal property of an estate subject to inheritance tax under Act No. 195, Pub. Acts 1903, is determined by deducting mortgage and other debts from the personal estate. *In re Fox's Estate*, 154 Mich. 5 (117 N. W. 558), overruled.

3. SAME—STATUTES—INHERITANCE TAX.

   The form provided by Act No. 195, Pub. Acts 1903, which indicates that debts against the estate secured by mortgage are to be deducted from real property of the estate, does not change the effect of other sections of the law.

Case made from Kent; Sessions, J., presiding. Submitted April 13, 1908. (Docket No. 59.) Decided September 10, 1908. Motion for rehearing granted May 25, 1909. Reargued June 14, 1909. Former opinion vacated December 31, 1909.

John F. Wilkinson, deputy auditor general, appealed to the circuit court from an order of the probate court determining the amount of inheritance tax due the State from the estate of E. Crofton Fox, deceased. A judgment overruling the order of the probate court is reviewed by the estate upon a case made. Reversed.

*Kleinhans & Knappen* (*Gray & Gray*, of counsel), for the motion.

*John E. Bird*, Attorney General, and *Thomas Ambrose Lawler*, Assistant Attorney General, *contra*.

MONTGOMERY, J.    This case is reported in 154 Mich. 5 (117 N. W. 558).   The facts are there sufficiently stated. A rehearing has been granted upon the question of whether, in the determination of an inheritance tax, a debt of the deceased secured by real estate mortgage should be deducted from the personal estate in determining the amount upon which the tax is to be paid.   The conclusion was reached in our former opinion that no deduction should be made on account of such mortgage indebtedness.   In reaching that conclusion reliance was placed upon New York decisions, which are based upon a statute similar to our statute imposing a tax on inheritance.   We are convinced that in reaching this conclusion we failed to give sufficient force to the distinction which exists between New York and Michigan, as to the law for the distribution of estates.   It is the undoubted rule in this State that the net personal estate for distribution consists of the personal property of the deceased after all debts and expenses have been met, including the debts secured by mortgage upon real estate, such debts being a charge upon the personal estate, as well as unsecured debts.   *Larzelere* v. *Starkweather*, 38 Mich. 96; *Willard* v. *Van Leeuwen*, 56 Mich. 15 (22 N. W. 185); *Osmun* v. *Oakland Circuit Judge*, 107 Mich. 27 (64 N. W. 949); see, also, Schouler on Executors and Administrators, §§ 430, 512; 3 Williams on Executors (7 Am. Ed.), p. 147.

The statute of New York, on the other hand, provides that:

"Whenever any real estate, subject to a mortgage executed by any ancestor or testator, shall descend to an heir or pass to a devisee, such heir or devisee shall satisfy and discharge such mortgage out of his own property, without resorting to the executor or administrator."   N. Y. Rev. Stat. (1st Ed.) pt. 2, chap. 1, tit. 5, § 4.

The cases cited from New York would indicate that the conclusion of the New York courts that the amount of a mortgage is not to be deducted from personal property in determining the amount to be taxed is based, in large part at

least, upon the fact that, under the statutes of distribution, the real estate, and not the personal property, is chargeable with the debt.

*In re Kene's Estate,* 29 N. Y. Supp. 1079, in overruling the appraiser who held that the mortgage should be deducted from the personal estate, and not from the real estate, the surrogate said:

"If this view [that of the appraiser] were correct, the mortgage would be satisfied out of the personal estate, and the devisee of the house and lot would take it free therefrom, and so be liable to the payment of the tax. In this he [the appraiser] seems to be in error. Such was the rule in England. But it was changed in this State as early as 1786, and is continued to the present day"—citing the statute above referred to.

*In re Livingston's Estate,* 1 App. Div. (N. Y.) 568 (37 N. Y. Supp. 463), the real estate was subject to a mortgage, and the executor had power to use the personal estate in paying the mortgage, and he contended that the mortgage debt under the circumstances ought to be deducted from the personal estate. In overruling the contention of the executor the appellate court said:

"The learned surrogate, in declining to reduce the personal estate as demanded by the appellant, acted upon the principle that the mortgage debt was, under the Revised Statutes, properly payable by the heir or devisee. N. Y. Rev. Stat. (1st Ed.), pt. 2, chap. 1, tit. 5, § 4. The appellant insists that the statute (which requires mortgage debts to be paid from the real estate) is inapplicable to cases where the same persons take the realty and personalty as a blended fund. The contrary seems to us to be the correct view."

We are convinced that the intent and purpose of this statute was to tax the personal estate subject to such deductions as should be made directly under the general statute of distribution.

Attention has been directed to section 17 of the act (Act No. 195, Pub. Acts 1903), which prescribes the form of the order to be followed by the probate judge. This form

was evidently copied from the New York statute, but can hardly be held, in and of itself, to have established a rule for fixing the amount of the inheritance tax. That is done by other provisions of the statute which render the form inserted inapplicable.

The order of the court below should be reversed and the order of the probate judge affirmed.

BLAIR, C. J., and GRANT, OSTRANDER, HOOKER, MOORE, and BROOKE, JJ., concurred with MONTGOMERY, J.

MCALVAY, J. (*dissenting*). Appellant was granted a rehearing, and urges that both the circuit court and this court were in error, for the reason that the New York cases relied upon were founded upon the construction of a statute different from the statute of this State, relative to the payment of a mortgage debt upon real estate; that the statute of New York requires the heir or devisee to satisfy the mortgage out of his own property, unless otherwise provided by will, and that in Michigan the personal estate of a decedent is first chargeable with the payment of all debts. Upon a re-examination of the cases cited in the opinion of the learned trial judge, and the conclusions drawn therefrom, adopted by this court in this case (154 Mich. 5 [117 N. W. 558]), and a consideration of the briefs and oral arguments upon the rehearing, we are satisfied that the former decision was correct. The statute provides for the taxation of inheritances, transfers of property, etc., and is known as the "inheritance tax law." The question involved does not affect the classification under the statute. The rule laid down does not discriminate between those in the same class. The statute was construed to require the deduction of the value of a mortgage upon real estate from the value of the real estate, to find the basis *in computing the amount of the inheritance tax.* No one is given any property by such determination, nor is any property taken from any one. The basis adopted is the only one clearly intended by the legislature, in the

form of the judicial determination of the probate court of transfers subject to inheritance taxation, required by section 17, Act No. 195, Pub. Acts 1903, and does not repeal any of the statutes of this State relative to administration and distribution of estates of deceased persons, and in fixing such basis the legislature was clearly within its constitutional authority. This is not a tax upon property, but upon the transfer, and the construction given applies to all transfers of the kind in question.

It was urged, when the case was first argued, that the New York cases were based entirely upon the New York statute, and the opinion discusses the question, citing *In re Livingston's Estate*, 1 App. Div. (N. Y.) 568 (37 N. Y. Supp. 463); *In re Offerman's Estate*, 25 App. Div. (N. Y.) 94 (48 N. Y. Supp. 993); *In re Pullman's Estate*, 46 App. Div. (N. Y.) 574 (62 N. Y. Supp. 395), etc. From these cases it appears that the matter was discussed, and is passed upon against the present contention.