## In re FOX'S ESTATE.

COSTS—STATES—STATUTES.

An estate in process of probate is entitled to costs against the people on an appeal by the auditor general from an order of the probate court refusing to require the payment of an inheritance tax in an excessive amount asked by the State. 3 Comp. Laws, § 11277.

Case made from Kent; Sessions, J., presiding. Submitted April 13, 1908. (Docket No. 59.) Decided September 27, 1910.

Motion for allowance of costs in favor of the estate and against the people in case reported in 159 Mich. 420 (124 N. W. 60). Granted.

*Kleinhans & Knappen,* for the motion.

*Franz C. Kuhn,* Attorney General, and *Thomas Ambrose Lawler,* Assistant Attorney General, *contra.*

HOOKER, J. After the death of E. Crofton Fox, late of Grand Rapids, a question arose over the payment of the transfer tax, commonly called "inheritance tax," due to the State. The record does not show what measures were taken, if any, to set the probate court in motion to determine the amount of transfer tax chargeable; but we find that an order was made, and that it was not satisfactory to the auditor general, who promptly appealed to the circuit court, where the probate order was reversed. The cause was brought to this court on case made by the estate, and it was reversed and the probate order sustained, by an opinion reported in 159 Mich. 420 (124 N. W. 60), which was silent upon the subject of costs. No formal order has been made in the case, and counsel ask the settlement of a proposed order. We understand that the only dispute is over the question of costs.

The decision must depend on the applicability of section 11277, 3 Comp. Laws:

"SEC. 22. In all civil suits and proceedings by or in the name of the people of this State, instituted by any officer duly authorized for that purpose, and not brought on the relation, or for the use of, any citizen, or upon any penal statute, the people shall be liable for costs in the same cases, and to the same extent, as if such suit or proceeding were instituted by an individual."

That there has been "a civil suit or proceeding by or in

the name of the State by an officer duly authorized for that purpose" seems obvious.    Our understanding is that the probate court was asked by the State authorities to make an order for the payment of a sum in excess of the amount chargeable under the law.    If so, that was to all intents and purposes a civil proceeding instituted by such officer. But if we should hold that it was not, and that the probate judge had merely performed a routine duty in the settlement of the estate of his own motion or on request of the executor, the appeal from his order by the auditor general was the institution of a suit, or at least a civil proceeding, within the meaning of said section, and not within its exceptions, which has resulted in judgment in both the circuit and this court.    The estate is entitled to costs to be taxed, and the order proposed containing this provision is approved.

MOORE, MCALVAY, BROOKE, and BLAIR, JJ., concurred.