[No. 15358. Department One. June 18, 1919.]

*In the Matter of the Estate of* DANIEL C. CORBIN.
THE STATE OF WASHINGTON, *Appellant,* v. AUSTIN
CORBIN *et al., Executors etc., Respondents.*[1]

TAXATION (225-229)—INHERITANCE TAXES — COMPUTATION — STATUTES. The inheritance tax law, Rem. Code, § 9182, and § 9183, as amended by Laws 1917, p. 196, making classifications which require the relationship of each legatee to be considered in order to determine the rate, was intended to tax the right to receive by inheritance as distinguished from a tax upon the property or the right to transmit it; hence each legacy must be considered as a separate entity and taxed as such at the statutory rate.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered April 7, 1919, in favor of the executors of an estate, in an action to determine the method of computing an inheritance tax, after a trial to the court upon an agreed statement of facts. Affirmed.

*C. R. Jackson, State Tax Commissioner,* and *Geo. G. Hannan, Assistant,* for appellant. The exemption is taken from that portion of the estate going to a class of heirs or legatees collectively and not from each specific legacy, and accordingly the tax should be computed upon the whole estate. *In re McKennan's Estate,* 27 S. D. 136, 130 N. W. 33, Ann. Cas. 1913D 745, 33 L. R. A. (N. S.) 620; *In re Macky's Estate,* 46 Colo. 79, 102 Pac. 1075, 23 L. R. A. (N. S.) 1207; *Magoun v. Illinois Trust & Savings Bank,* 170 U. S. 282; *In re Timkin's Estate,* 158 Cal. 51, 109 Pac. 608, 26 L. R. A. (N. S.) 242; *McGannon v. State ex rel. Trapp,* 33 Okl. 145, 124 Pac. 1063, Ann. Cas. 1914B 620; *Matter of Sherman's Estate,* 179 App. Div. 497, 166 N. Y. Supp. 19; *Id.,* 222 N. Y. 540, 118 N. E. 1078; *In re Mc-*

[1]Reported in 181 Pac. 910.

*Ghee's Estate,* 105 Iowa 9, 74 N. W. 695; *In re Howell's Estate,* 147 Pa. St. 164, 23 Atl. 403; *Dixon v. Ricketts,* 26 Utah 215, 72 Pac. 947; *In re Hone's Estate,* 50 Utah 92, 166 Pac. 990; *Posey v. Commonwealth,* 96 S. E. (Va.) 771; *State ex rel. Gilmore v. District Court of Custer County,* 45 Mont. 335, 122 Pac. 922, Ann. Cas. 1914A 469.

*Allen, Winston & Allen,* for respondents.

TOLMAN, J.—Daniel C. Corbin, a resident of Spokane county, there died on June 29, 1918, leaving an estate which, after deducting debts and expenses properly allowable under the inheritance tax law, amounted in value to $743,425.52. Deceased by his will devised this estate to his widow, a son, and a daughter, in unequal proportions. The executors and the tax commissioner were unable to agree upon the method of computing the inheritance tax and applying the graduated rates provided by Rem. Code, § 9183, as amended by the Laws of 1917, ch. 43, p. 196. The tax commissioner contended that all of the legatees and devisees were within the first class, as defined by the statute, and that, after deducting the exemption, the graduated rates should be applied to the estate passing to them as a whole; while the executors contended that the graduated rates should be applied to each bequest or legacy as a separate entity. By the first mentioned method of computation, the inheritance tax would, by reason of the graduated rates, amount to considerably more than by the second. The matter was submitted to the trial court upon an agreed statement of facts, and that court adopted the method of computing the tax contended for by the executors, and entered judgment accordingly, from which judgment the state has appealed.

The act which we are called upon to consider is entitled, "An act relating to the taxation of inheritances and providing for the disposition of the same." In the first section (Rem. Code, § 9182), it is provided that,

"All property within the jurisdiction of this state, and any interest therein, . . . which shall pass by will or by the statutes of inheritance . . . to any person in trust or otherwise, shall, for the use of the state, be subject to a tax as provided for in section 9183, . . . and all administrators, executors and trustees, and any such grantee under a conveyance, and any such donee under a gift, . . . shall be respectively liable for all such taxes to be paid by them . . . The inheritance tax shall be and remain a lien on such estate from the death of the decedent until paid."

In the second section as now amended, ch. 43, Laws of 1917, p. 196, it is provided:

"The inheritance tax shall be imposed on all estates subject to the operation of this act at the following rate:

"If passing to or for the use of a father, mother, husband, wife, lineal descendant, adopted child or lineal descendant of an adopted child, the tax shall be one per centum of any value not exceeding fifty thousand dollars; two per centum of any value in excess of fifty thousand dollars and not exceeding one hundred thousand dollars; three per centum of any value in excess of one hundred thousand dollars and not exceeding two hundred fifty thousand dollars; five per centum of any value in excess of two hundred fifty thousand dollars: . . ."

Following are other classifications based upon relationship or want of it, each taking a different rate.

Bearing upon the question to be here determined, we must inquire whether this act imposes a tax upon the right to receive property by inheritance as distinguished from a tax upon the property itself thus passing, or a tax upon the right to transmit property

by will or under statutes of succession. A reading of the statute at once suggests that, in assessing the tax, the relationship or classification of each legatee or devisee must be considered in order to determine the rate of taxation; and the language of the act and its title, fairly construed, seem to point toward the conclusion that the legislative intent was to impose a tax upon the right to receive, rather than a tax upon the property itself or upon the right to transmit it. This court has been called upon in a number of cases to consider this legislation, though in none of them was the question now in issue raised; yet some light may be shed upon the present subject by a study of what has been heretofore said.

In *State v. Clark,* 30 Wash. 439, 71 Pac. 20, the constitutionality of the law was attacked, and the opinion deals mainly with constitutional questions. Among other expressions which might be quoted, it is there said:

"The rule of equality in taxation is invoked against this exemption. It may be observed that the rule invoked does not forbid a liberal classification for purposes of taxation. The classification made here is manifestly reasonable. There is no inequality among the members of the same class. This objection is discussed in many of the authorities heretofore cited. It is so completely met and disposed of in the case of *Magoun v. Illinois Trust & Savings Bank, supra* [170 U. S. 283] that it must be convincing here."

The writer of that opinion quoted from and repeatedly referred to the case of *Magoun v. Illinois Trust & Savings Bank,* 170 U. S. 283, and so clearly followed and adopted its reasoning as to make it binding upon us practically to the same extent as though it were a decision by this court. It is said in the *Magoun* case, at page 300:

"The tax is not on money; it is on the right to inherit; and hence a condition of inheritance, and it may be graded according to the value of that inheritance."

This court again considered the act in the case of *In re Clark's Estate,* 37 Wash. 671, 80 Pac. 267. It was there said:

"We do not think that the claim of the state treasurer can be upheld. The inheritance tax is payable out of the legacies, and is chargeable to the individual legatees. The court cannot compel one legatee to pay the inheritance tax due from another, and yet such is the effect of the order appealed from."

In *In re White's Estate,* 42 Wash. 360, 84 Pac. 831, there was involved the question of whether the title of the act was sufficiently broad to cover a tax on the right of succession by will as well as by operation of law, and it was there held that the act imposes a tax on the right of succession, whether the property passed by will, by operation of law, or by grant or gift, to take effect upon the death of the grantor or donor.

In *In re Stixrud's Estate,* 58 Wash. 339, 109 Pac. 343, Ann. Cas. 1912A 850, 33 L. R. A. (N. S.) 632, it was squarely held that this act imposes a tax, not upon property, but upon the right or privilege of receiving it.

In *In re Lotzgesell's Estate,* 62 Wash. 352, 113 Pac. 1105, it was held that the inheritance tax was not a debt of the testator, but was properly chargeable to the legatees.

If, then, as we have already held, the tax is one upon the right to receive, to be paid, in the last analysis, by the legatee, and if one legatee cannot be held to pay the tax of another, does it not likewise follow that the amount of the tax to be paid by any one legatee must be determined from the amount of the legacy received by him, and not, either in whole or in

part from the amount which may be received by others? We are convinced that a fair reading of the statute itself leads to that conclusion; and every expression of this court during the eighteen years that it has been the law lends support to that position. Not only so, but the reasoning of other courts in construing similar laws, while not wholly harmonious, abundantly supports our conclusions. *Knowlton v. Moore,* 178 U. S. 41; *In re Macky's Estate,* 46 Colo. 79, 102 Pac. 1075, 23 L. R. A. (N. S.) 1207; *In re McKennan's Estate,* 25 S. D. 369, 126 N. W. 611, 33 L. R. A. (N. S.) 606; *Id.,* 27 S. D. 136, 130 N. W. 33, Ann. Cas. 1913D 745, 33 L. R. A. (N. S.) 620; *In re Fox's Estate,* 154 Mich. 5, 117 N. W. 558; *McGannon v. State ex rel. Trapp,* 33 Okl. 145, 124 Pac. 1063, Ann. Cas. 1914B 620.

We conclude, therefore, that the legislative intent was that each legacy should be considered as a separate entity and taxed as such at the statutory rate, and therefore the judgment appealed from was right and is affirmed.

HOLCOMB, C. J., MITCHELL, MAIN, and MACKINTOSH, JJ., concur.