In the Matter of the Estate of William Thorman, Deceased.

**Husband and wife:** ANTENUPTIAL CONTRACT: CONSIDERATION. Subsequent marriage is a sufficient consideration for an antenuptial contract settling the property rights of the parties.

**Same:** VALIDITY OF CONTRACT: BURDEN OF PROOF. Where an antenuptial contract was fairly entered into, and is reasonable upon its face, it will be enforced, in the absence of evidence to the contrary: and one seeking to avoid such a contract has the burden of alleging and proving that it is unfair and unreasonable.

**Same:** DISTRIBUTIVE SHARE: WAIVER. A valid antenuptial contract settling the property rights of the parties waives and bars a distributive share in the estate of the deceased spouse.

*Appeal from Fayette District Court.*—Hon. A. N. Hobson, Judge.

SATURDAY, NOVEMBER 22, 1913.

Louisa Thorman, widow of William Thorman, deceased, filed her petition asking to have one-third of the real estate and personal property of deceased set off to her. The prayer of the petition also asks that the exempt property be set off

to her.   Appellees answer, setting up an antenuptial contract between plaintiff and her deceased husband by which they claim the widow had waived her rights as widow.   They also set up a will of said deceased, which had not yet been probated.   The widow demurred to the answer, setting up numerous grounds, the substance of which are:   That the contract is void, against public policy; that it is without consideration; that it is unfair, unjust, inadequate, and inequitable.   The demurrer was overruled, and plaintiff elected to stand upon it.   The court adjudged that she was not entitled to a distributive share in the estate of her said deceased husband.   The plaintiff appeals.—*Affirmed.*

*John R. Bane,* for appellant.

*Guy W. Backus,* and *Ainsworth & Hughes,* for appellees.

PRESTON, J.—The judgment of the district court determined that the widow is not entitled to a distributive share and is silent as to the exempt personal property.   The petition does not allege that any of the personal property was exempt, and does not describe any personal property as exempt, and does not claim that there is any exempt personal property.   The prayer of the petition asks that the exempt personal property be set off to her.   This is the only reference to exempt personal property.   This may be the reason why the court, in its judgment, only referred to the distributive share.

The petition is brief.   The substance of it is that plaintiff is the widow; that deceased died March 21, 1912; describes the real estate left by him, and alleges its value to be $4,500, and alleges that there is $8,000 personal property in the hands of the administrator; names the heirs; and states that she   claims an interest in all real estate and personal estate equal to one-third in value thereof.   The prayer asks for one-third and that the exempt personal property be set off.

There is no fraud alleged in the petition; the ages of the parties are not given; whether it is a second marriage for either or whether there are children by a former marriage; nor does it state the amount of property that deceased had at the time of marriage nor the amount of property, if any, owned by the plaintiff.

The antenuptial contract follows:

This contract entered into this 8th day of October, A. D. 1901, by and between William Thorman and Louisa Wilson, both of Oelwein, Iowa, witnesseth: That in consideration of our contemplating marriage one to the other and the further consideration that said William Thorman agrees to pay to said Louisa Wilson annually one hundred and four dollars so long as said William Thorman lives and said Louisa Wilson lives with him as his wife and no longer, and that in consideration of the above stipulations and agreements the said Louisa Wilson agrees not to claim any right, title or interest in any other of said William Thorman's property now owned by him or that he may die seised of or possessed, except that she is to have the use only of the following described premises after his death and so long as she remains his widow and occupies and remains on said premises, to wit, lots one (1), two (2) and three (3), block one (1), Smith's addition to Oelwein, Iowa; that in consideration of the foregoing stipulations and agreements the said William Thorman agrees not to claim any right, title or interest to any of the property now owned by the said Louisa Wilson or that she may die seised of or possessed. This contract is made in contemplation of marriage, and should the parties hereunto not marry each other then this contract to be void and of no effect, otherwise to be of full force and effect. In witness whereof, we have each hereunto subscribed our names this 8th day of October, A. D. 1901. Wm. Thorman. Louisa Wilson. Signed in the presence of witnesses. A. J. Anders. Arvillo Anders.

A copy of the will is attached to the answer and it is stated therein that it had been filed for probate, and that the widow has filed objections thereto. By this will the widow is given the same as in the antenuptial contract, and it refers

to the antenuptial contract, but, under the circumstances, we think the will is not material. While there were several grounds in the plaintiff's demurrer to the answer, and substantially the same grounds are assigned as error, yet the argument is really directed to the question as to whether the antenuptial contract is unfair, unjust, inequitable, and unconscionable. As we have said, there is no fraud alleged, and the situation of the parties at the time of the marriage is not set out in. the petition, so that we must pass upon the contract and determine whether, on the face of the contract, it is as appellant contends.

I. Appellant's first point, as stated by her counsel, is that the marriage contract is void, against public policy, and without consideration, because the things to be done by the wife for the payment of money were only what she was by law bound to do, and to sustain the proposition he cites *Miller v. Miller*, 78 Iowa, 177. An examination of that case shows that a postnuptial contract was involved by which the husband and wife agreed to do the things imposed upon them by the law when they entered into the marriage relation, and it is held that under such a contract there was no consideration; it was not an antenuptial settlement of property rights. The marriage was a sufficient consideration. *Nesmith v. Platt*, 137 Iowa, 292, 300; *Adams' Estate*, 161 Iowa, 88.

1. HUSBAND AND WIFE: antenuptial contract: consideration.

II. Appellant's second and third points are stated thus: The validity of marriage settlements may be specifically affected by the form of the settlement, the consideration upon which it is made, and the fairness of the transaction, and that under the facts of this case the provisions securing to the wife only $2 a week while William Thorman lived, and so long as she lives with him as his wife, and no longer, are manifestly unreasonable and disproportionate to the means of the intended husband; that it is inadequate and unfair. He cites *Rieger v. Schaible*, 81 Neb. 33 (115 N. W. 560, 17 L. R. A. (N. S.) 866, 16 Ann. Cas. 700) and other like cases.

2. SAME: validity of contract: burden of proof.

The contract on its face is not unfair, inequitable, or unconscionable, nor is there anything therein to show fraud or that plaintiff was in any manner overreached or deceived. The question must be determined from the contract itself, as no other facts or circumstances are alleged. Under the circumstances the burden is on plaintiff to allege or prove facts which will avoid the contract. The parties were competent to contract. The more particular complaint is in regard to the provision that Mr. Thorman was to pay her $2 per week while he lived and so long as she lived with him as his wife. It is said this is manifestly unreasonable and disproportionate to his means; that nothing is left for her support at his death, or if she should leave him. As before stated, we do not know what property either had, or what the income of either party was, when the contract was made. The contract does give her the use of real estate after his death and as long as she lives. The character of this and the other real estate, its value, or the income from it, is not shown.

The provision that she is to receive $2 per week as long as she lives with him as his wife might be a wise and prudent provision for him to make. Their ages are not shown. But suppose he was seventy years of age, and she a young woman, it would be proper for him to provide against her desertion of him. As it is, she may have received her pay for ten or eleven years, from the time they were married until his death, and occupied the home during that time, at least there is nothing in the record to the contrary, and she will have the use of the real estate described during her life. The estate was not large at his death; outside the real estate, it is alleged that he left $8,000 in personal property. The income from this would not be large.

Marriage contracts are enforceable when fairly entered into, and there are no facts before the court in this case to show that this contract was not fairly entered into or that it was unfair or unreasonable. *Jacobs v. Jacobs,* 42 Iowa, 600; *Mahaffy v. Mahaffy,* 63 Iowa, 55; *Peet v. Peet,* 81 Iowa, 172;

*Ditson v. Ditson,* 85 Iowa, 276; *Devoe's Estate,* 113 Iowa, 4; *Weis v. Bach,* 146 Iowa, 320; *Weisman v. Weisman,* 150 Iowa, 307; and the *Fisher* and *Nesmith* cases, *supra.*

III. Appellant contends that the court erred in overruling the demurrer for the reason that the widow's share cannot be affected by the will of her husband, unless she consents thereto, etc. This, we presume, has reference to the unprobated will, a copy of which is attached to the answer. But, as we have already stated, we think this alleged will is not material. The antenuptial contract waives and bars her distributive share.

3. SAME: distributive share: waiver.

Under the record we are not called upon to pass on the question as to the personal property now alleged to be exempt. The ruling of the trial court was right, and the judgment is *Affirmed.*

WEAVER, C. J., and EVANS and LADD, JJ., concur.